**COMMERCIAL CREDIT CORPORATION,**
Plaintiff,

v.

**C. F. SCHWARTZ MOTOR CO., Inc.,**
Defendant.

Superior Court of Delaware.

New Castle.

Feb. 19, 1969.

354 ■

Arthur J. Sullivan, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for defendant.

STIFTEL, President Judge.

Action for damages resulting from an alleged breach of the terms of an assignment of a Retail Installment Contract to plaintiff, Commercial Credit Corporation, by defendant, C. F. Schwartz Motor Co., Inc.

On August 7, 1965, defendant, a dealer in new and used cars and trucks, sold a used 1958 International truck to one Elwood Mapp for $4,950.00. Mapp paid $1,400.00 down and financed a total sum of $5,915.76, which included finance charges, vehicular

1. An "A" title is a certificate of title which has no assigned license or plate numbers.

2. In order to obtain a valid out-of-state registration, Mapp would have to present the Delaware Title "A", which identified

insurance, and creditor life insurance. Schwartz and Mapp entered into a Retail Installment Contract for the $5,915.76, which was immediately assigned to Commercial Credit pursuant to a Motor Retail Financing Agreement dated October 24, 1961. After a favorable retail credit inspection on Mapp, Commercial Credit approved the loan and upon receipt of the assigned Installment Contract, mailed a check for the proceeds to Schwartz. Because Mapp desired out-of-state registration, Schwartz assigned its title "A"[1] to the truck to Mapp, appropriately noting on the certificate of title the lien of Commercial Credit and attaching thereto a duplicate original of the conditional sales contract.[2] Mapp defaulted after paying only $1,299.47, leaving a balance due Commercial Credit of $4,512.31. No known foreign registration was obtained for the vehicle and it has never been located by plaintiff.

Commercial Credit argues that Schwartz was required by the terms of the Installment Contract to cause transfer of title and to provide Commercial Credit with a new certificate of title properly registered in Mapp's name with a notation of the encumbrance. They have applied Schwartz's outstanding Dealer Reserve of $1,625.02 against the balance due on Mapp's defaulted Installment Contract and seek damages in the amount of the remainder of $2,887.29. Schwartz argues that it has satisfied the terms of the assignment and counterclaims for the $1,625.02 Dealer Reserve. Commercial Credit concedes that defendant is entitled to the Dealer Reserve if it loses this suit against Schwartz.

The pertinent terms of the Dealer's Assignment Contract provide as follows:

"Dealer warrants that: * * * the lien represented by the contract appears

Commercial Credit as a first lienholder. The out-of-state motor vehicle licensing authority would issue its own certificate of title also noting Commercial Credit's lien and forward the certificate to Commercial Credit.

on the Certificate of Title or Bill of Sale, as required by State law covering the Car as a first lien or encumbrance; there is now owing the amount set forth therein; and that all the obligations of Dealer contained in the contract have been fully performed. Dealer makes said warranties for the purpose of inducing Commercial Credit Corporation to purchase the contract, and if any of such warranties should be untrue, Dealer shall buy the contract from Commercial Credit Corporation, upon demand, and will pay therefor, the amount unpaid to Commercial Credit Corporation thereon, plus any and all costs and expenses paid or incurred by Commercial Credit Corporation in respect thereto."

The Installment Contract also provides that:

" * * * in any State where Certificates of Title are issued, Purchaser, in application therefor, shall make reference to Seller's rights under this contract and, if permitted by law, Purchaser shall deliver or cause to be delivered any such Certificate to Seller, when received."

No specific language in the Installment Contract was pointed out to me at trial which required Schwartz to deliver to Commercial Credit the out-of-state certificate of title with the lien noted thereon. By terms of the quoted language it appears to be Purchaser's obligation to obtain the new certificate and to deliver or cause it to be delivered.

Under the terms of the assignment, Schwartz had a duty to note the existence of plaintiff's lien in accordance with Delaware law, 21 Del.C. §§ 2507, 2510(b), on the old certificate assigned to Mapp. This was done.

But even assuming that Schwartz had an obligation to cause the new certificate to be delivered to Commercial Credit, it has not been shown by a preponderance of the evidence that the absence of the new certificate caused plaintiff's loss. Schwartz is only liable for a loss that is the natural and proximate result of the breach of contract. Hajoca Corporation v. Security Trust Co., 2 Terry 514, 25 A.2d 378; Hadley v. Baxendale, 156 Eng.Reprint 145. No causal connection between the alleged breach and the loss has been shown. It is mental speculation to claim that plaintiff could have avoided the loss if it had possession of the new certificate of title. It is the mysterious disappearance of the truck, rather than the absence of the certificate which prevents plaintiff from asserting its lien.

In any event, plaintiff's failure to obtain a new certificate or gain possession of the truck can be attributed to its failure to notify the dealer properly of the absence of title in its files. By normal procedure, the Company sends notice to the dealer of absence of title within a period of thirty days from the date of assignment. Normally, a second letter follows shortly thereafter if the first letter failed in its objective. There is no proof that such letters were sent. In fact, there is every indication that such letters were not sent to Schwartz. This for the reason that Mr. Mapp, the purchaser, had returned his truck to Schwartz for repairs on two occasions—thirty and forty-five days after the purchase on August 7, 1965. If Schwartz had received a letter from Commercial, it is reasonable to assume that Schwartz would have taken reasonable action to see that Mapp complied when Mapp reappeared at the business establishment of defendant for repairs. Plaintiff's failure to follow its normal practice was a contributor to its present problem.

On plaintiff's claim, I decide for defendant, C. F. Schwartz Motor Co., Inc. On the counterclaim, I give judgment for defendant-counterclaimant in the amount of $1,625.02 plus costs.

It is so ordered.